Johnson, J.,
concurring: I agree with the majority’s determination that the law enforcement officers had probable cause to arrest *997 Keenan before he entered the house. But I would not go directly to a harmlessness holding under these facts.
As the majority points out, if the officers’ warrantless entiy into Keenans home was unlawful, his rights under the Fourth Amendment to the United States Constitution were violated. In that event, the district courts refusal to suppress the evidence obtained during the unlawful search and seizure was a constitutional error. Constitutional errors “may be declared harmless where the party benefitting from the error proves beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in fight of the entire record, i.e., proves there is no reasonable possibility that the error affected the verdict.” State v. Ward, 292 Kan. 541, 569, 256 P.3d 801 (2011), cert. denied 132 S. Ct. 1594 (2012).
Here, the State benefitted from the admission of any illegally obtained evidence. Therefore, the State must prove beyond a reasonable doubt that the erroneously admitted evidence had no reasonable possibility of affecting the juiy s guilty verdict on the DUI charge. In my view, the State has not cleared that hurdle.
As the majority describes the events, after the law enforcement officers entered the house, they observed Keenan stumble again on his way to lay his son down in a bedroom; they experienced Keen-ans failure to obey their multiple requests to hang up the telephone; and they observed Keenans slurred speech, bloodshot eyes, and overwhelming odor of alcohol. The officers further testified that Keenan stumbled several more times, had difficulty communicating, refused to perform field sobriety tests, refused the officers’ order to stay out of the kitchen where a butcher knife lay on the counter, made a veiled threat that he had taken care of cops before, and refused to take a breath alcohol test. A subsequent search of Keenan’s vehicle produced a half-empty bottle of whiskey, a bottle cap, and a number of full bottles of beer.
Given that there was no evidence of the alcohol concentration in Keenan’s breath or blood, the State had to prove to the juiy that Keenan was “under the influence of alcohol to a degree that render[ed] [him] incapable of safely driving a vehicle.” K.S.A. 2010 Supp. 8-1567(a)(3). Testimony relating the officers’ post-entry *998 observations about Keenans physical appearance, lack of coordination, communication difficulties, and combative attitude was designed to advance the State’s argument that Keenan was functioning at a high degree of intoxication. Moreover, common sense would suggest to most jurors that the presence of an open bottle of whiskey and multiple bottles of beer in a vehicle enhances the possibility that the operator was under the influence. Consequently, the State has not convinced me beyond a reasonable doubt that the above-described post-entry evidence had no reasonable possibility of affecting the jury’s verdict that Keenan was driving under the influence.
But with respect to the officers’ entiy into the house after acquiring probable cause of driving under the influence, I would find that their need to protect the welfare of the child in this unique situation provided the requisite exigent circumstances, i.e., there was no constitutional error. The child’s grandmother had alerted law enforcement that she was concerned for the safety of the child because of Keenan’s intoxication. The officers observed evidence of that intoxication and consequent danger to the child when Keenan stumbled while carrying the child from the vehicle. Moreover, getting the child inside, away from the inclement weather, contributed to the exigency of the circumstances. In short, whether one labels the situation as an exigent circumstance, hot pursuit, or emergency aid, the officers were permitted to enter the house to assure the safety and well-being of the child, before taking Keenan into custody. Accordingly, I would affirm tire lower courts.